**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **INTEGRATED3D, INC.** | § | |
| | § | |
| | § | **CIVIL ACTION NO.: 1:17-CV-159** |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| **AVEVA, INC. ET AL** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO AVEVA INC. AND GLOBAL MAJIC SOFTWARE, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Per local rule CV-7(f), Plaintiff Integrated3D, Inc. ("Integrated" or "I3D") hereby files this sur-reply in support of Plaintiff's opposition to Defendants Aveva Inc. and Global Majic Software, Inc.'s Motion to Dismiss for Improper Venue Under Rule 12(b)(3) or, in the alternative, Motion to Transfer Venue Under 28 U.S.C. § 1401:

**ARGUMENT**

**I.   Defendant Fails to Rebut that a Substantial Connection to Jefferson County is Lacking.**

As Plaintiff points out in its Opposition, this case, at heart, relates to Defendants' misappropriation of Plaintiff's trade secrets—created, maintained, stolen by Defendants and profited from *in Jefferson County*, as well as breach of contract. Despite Defendants' protests, the gravamen of Plaintiff's claims do not *only* relate to conduct taking place in Harris County. While it is true that the contracts breached by Defendant Aveva were created in Harris County, Plaintiff has alleged its representatives were contacted and fraudulently induced to enter into such contracts and to share Plaintiff's Jefferson County-based trade secrets in Jefferson County, including

through a website accessed by Defendants but located and maintained in Jefferson County.  See Pet. ¶¶ 10, 17, 29, 78; Exhibit A to Plaintiff's Opposition (DN 5-1), ¶¶ 2-6.  Moreover, Defendants have marketed their product at issue in Jefferson County and purportedly have profited from it therein.  See Pet. ¶ 44; Exhibit A to Plaintiff's Opposition (DN 5-1), ¶ 8. None of these allegations are merely "tangential" and "minor" to Plaintiff's core claims as Defendants insist.  Rather, these claims identify a substantial connection of this case to Jefferson County.  These claims show Defendants' conduct was *not* limited to Harris County, as Defendants falsely suggest.  Similarly, Plaintiff's claims plainly do not rely entirely on a series of meetings in Houston, Texas.  As Plaintiff has already stated and as well-established case law raised in Plaintiff's Opposition confirms, the question isn't whether Harris County has a *more* substantial connection, the question is whether Jefferson County has one at all.  *Principal Technology Engineering, Inc. v. SMI Companies*, 2009 WL 4730609, *3 (E.D. Tex. 2009).

   Defendants attempt to argue that *Rimkus Consulting Group, Inc. v. Balentine*, 693 F.Supp.2d 681 (S.D. Tex. 2010) is distinguishable, but their attempt falls flat. As in *Rimkus*, Plaintiff's complaint *does* show a course of conduct by Defendants *in* Jefferson County. Specifically, as in *Rimkus*, Plaintiff has alleged that Defendants communicated with Plaintiff's representatives on several occasions in Jefferson County, including the initial contact and inducement to enter into business discussions.  Pet. ¶¶ 17, 78; Ex. A to Plaintiff's Opp. (DN 5-1), ¶¶ 3-5.  Additionally, it is clear that Defendants have sought business from companies in Jefferson County and, in fact, are likely profiting from Plaintiff's stolen trade secrets in Jefferson County. Pet. ¶¶ 44, 50-53; Ex. A to Plaintiff's Opp. (DN 5-1), ¶ 8.  And as in *Rimkus*, the alleged stolen trade secrets were located in Jefferson County, the forum jurisdiction.  Finally, a fair reading of *Rimkus* shows that the Court did not rely upon the defendant's "regular contacts" in the forum

jurisdiction for venue purposes, rather, it relied upon those facts to establish "minimum contacts" on the part of one defendant for purposes of personal jurisdiction, which hasn't been contested here. The facts alleged by Plaintiff do show a course of conduct in Jefferson County on the part of the Defendants specifically relevant to Plaintiff's claims. These facts are not merely "tangential" to this case.

**II.     Defendants Fail to Rebut that They are Residents of Jefferson County under 28 U.S.C. § 1391(c)(2) or 28 U.S.C. § 1391(d).**

Additionally, Defendants argue that Plaintiff has not shown them to be "residents" of Jefferson County for the purposes of 28 U.S.C. § 1391(b)(1). But they ignore the plain language of federal venue statutes establishing that a defendant is a "resident" where *it is subject to personal jurisdiction with respect to the civil action in question*. *See* 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1391(d). In doing so, they've omitted a crucial step in this Court's venue analysis under 28 U.S.C. § 1391(b)(1). Here, Defendants *are* subject to personal jurisdiction in Jefferson County, they have offered no argument to the contrary, and furthermore, have waived any objection to personal jurisdiction. *Principal Technology Engineering, Inc. v. SMI Companies*, 2009 WL 4730609, *2 (E.D. Tex. 2009) ("When Defendant failed to bring a Rule 12(b)(2) challenge to personal jurisdiction with its Rule 12(b)(3) challenge to improper venue, Defendant waived its right to challenge improper venue because venue was established in this District under 28 U.S.C. § 1391(a)(1)"). Defendants have not offered a single rebuttal to Plaintiff's claims that personal jurisdiction exists here and/or has otherwise been waived. In fact, they completely fail to even acknowledge this controlling case law or the applicability of these federal venue statutes altogether. This alone mandates denial of their motion.

3

III. **Defendant Fails to Meet its Burden that "Good Cause" Exists for Transfer to the Southern District of Texas.**

Defendants cites several patent and/or copyright cases quoting language that the "physical location of documents" is a key factor in the transfer analysis under the private interest factors. Defendants, however, fail to show these facts weigh in favor of transfer and give too much weight to "physical location" when document discovery will clearly be mostly, if not entirely, electronic. In *Odom v. Microsoft Corp.*, 596 F.Supp.2d 995, 998 (E.D. Tex. 2009), a patent infringement case, the Plaintiff *and* the Defendant resided in Oregon. The Defendant moved to transfer venue to Oregon, claiming the witnesses and physical location of the source code allegedly infringing Plaintiff's patent was located in Oregon. *Id*. Despite this, the Court noted that

> Defendant has not made any showing that documentary physical evidence, *i.e.,* a physical accused product or file cabinets full of documents, is at issue in this case. It relies primarily on the idea that while source code is stored electronically, it is still important to consider where the electronic information is stored. This argument is inconsistent with the language of §1404(a) which allows a court to transfer a case "for the convenience of the parties." Because electronic information can be accessed conveniently in any number of locations, not simply the location where the information is "stored," it does not follow that transfer to the location of the stored information is more convenient for anyone.

*Id.* at 1000 (citing *Aloft Media LLC v. Adobe Sys. Inc.*, 2008 WL 819956, *4 (E.D. Tex. 2008)). Distinguishing the difference between the location of *physical* evidence versus *electronic* evidence, the Court held that the electronic nature of the allegedly infringing evidence rendered both venues equally convenient. Hence, the relative ease of access to sources of proof was neutral. *See also*, *Konami Digital Entertainment Co., Ltd. v. Harmonix Music Sys., Inc.*, 2009 WL 781134, *4-5 (E.D. Tex. 2009) (concluding the same).

Defendants here have done nothing but quote case language that it is "likely" in a patent or copyright case (which this case is not) that the alleged infringer would possess a larger volume of documents relevant to the litigation. However, "[a] movant must identify sources of proof with

4

enough specificity that a court can determine whether transfer will increase the convenience of the parties." *J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, 2009 WL 440525, #2 (E.D. Tex. 2009). Defendants have not done so here. Their statements are entirely conclusory. "These general statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties." *Id*. at *3. Defendants have made *no* showing, offered *no* specific facts, and have not even claimed *any* basis to support that "access to proof" is somehow inconvenient here. Instead, Defendants invite this Court to just assume as much is true, despite having two chances in their original motion and in their reply to at least come up with some sort of specification of the "sources of proof" that would be more convenient in Harris County than Jefferson County.

This is also true of the major factor in any transfer analysis: where key party and non-party witnesses are accessible. It is plainly clear these key witnesses are accessible in this jurisdiction. Regardless, Defendants do not even attempt to identify any such witnesses residing in a location in which Harris County would be "clearly more convenient" to them, much less provide the specificity required of them under Fifth Circuit law. *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749 (S.D. Tex. 1994). Finally, Defendants claim Houston has the "greater local interest" in adjudicating this case. But yet again, Defendants mischaracterize the connections to Jefferson County as "minimal and insignificant." In this case, Defendants are alleged to have stolen Jefferson County-based technology from a Jefferson-County based company whose harm is being felt in Jefferson County. If anything, these facts show Jefferson County has a greater interest in ensuring such conduct is appropriately resolved where its citizens and businesses remain.

## IV.     Defendant's Objections to Mr. LeDoux's Affidavit Should be Overruled.

First, Defendant complains that this Affidavit (DN 5-1) contains additional allegations "which could have been and should have been included in Plaintiff's Original Petition." Second, Defendant asks this Court to strike[1] paragraph 8 of this Affidavit as inadmissible hearsay. However, Defendant overlooks the fact that most of the facts states in this Affidavit *were* alleged in Plaintiff's Original Petition. *See* Aff. ¶ 2, cf. Pet. ¶ 10; Aff. ¶ 3, cf. Pet. ¶ 17; Aff. ¶ 5, cf. Pet. ¶ 78; Aff. ¶ 6, cf. Pet. ¶ 29; Aff. ¶ 8, cf. Pet. 44. This includes the Affidavit's alleged hearsay that Mr. LeDoux was contacted by his friend, Matt Sherman, and first advised of Defendants' use of Plaintiff's technology.

On a motion to dismiss for improper venue, the court should "accept uncontroverted facts contained in plaintiff's pleadings as true and resolve conflicts in the parties' affidavits in the plaintiff's favor." *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002). Hence, even if this Court were to ignore the Affidavit, most of these facts, which were also alleged in Plaintiff's Original Petition, must be taken as true for purposes of resolving this motion.

Moreover, "[i]n considering a motion to transfer venue, the Court may consider affidavits submitted by either party." *LeBlanc v. C.R. England, Inc.*, 961 F.Supp.2d 819, 823, fn. 1 (N.D. Tex. 2013). Thus, Defendants' argument that this Court should not consider Mr. LeDoux's affidavit should be rejected. Defendants offer nothing more than their own self-serving statement that because these allegations could and should have been included in Plaintiff's Original Petition, this Court should not give them much weight. And this is despite the fact that, as shown, Plaintiff's Original Petition *did* allege many of these facts. Therefore, Defendants' objections regarding this

---

[1] Defendants have not brought a motion to strike pursuant to FRCP 12(f), nor have they complied with Local Rule CV-7, which dictates the presentation and manner of filing such a motion.

Affidavit should be overruled, and this Court should consider the allegations of Plaintiff made in the Original Petition, as well as the corroborating allegations stated in Mr. LeDoux's Affidavit.

## CONCLUSION

In sum, Defendants have failed to show that venue is improper in Jefferson County, or that "good cause" exists warranting transfer to the Southern District of Texas.

Respectfully Submitted,

**SHRADER & ASSOCIATES, LLP**

*s/Eugene Egdorf*
Eugene Egdorf
Texas Bar# 06479570
3900 Essex Lane, Suite 390
Houston, TX 77027
T: (713) 782-0000
F: (713) 571-9605
gene@shraderlaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record by electronic service in accordance with the District's ECF rules on May 23, 2017, as indicated below.

      Christine Kirchner
      c.kirchner@chamberlainlaw.com
      Justin E. VandenBout
      Justin.vandenbout@chamberlainlaw.com
      **Chamberlain, Hrdlicka, White, Williams & Aughtry**
      1200 Smith Street, Suite 1400
      Houston, Texas 77002

      *Attorneys for Defendants Aveva Inc., and Global Majic Software, Inc.*

      *s/Eugene Egdorf*
      Eugene Egdorf