## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **INTEGRATED3D, INC.** | § § § | |
| | § | **CIVIL ACTION NO.: 1:17-CV-159** |
| *Plaintiff,* | § § | |
| vs. | § § | |
| **AVEVA, INC. ET AL** | § § | **Honorable Judge Marcia Crone** |
| *Defendants.* | § § | |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Per local rule CV-7(f),[1] Plaintiff Integrated3D, Inc. ("Integrated" or "I3D") hereby files this *Plaintiff's Reply in Support of Plaintiff's Motion to Remand* (Dkt. 9):

### ARGUMENT

Immediately preceding the filing of this Reply, Plaintiff filed Plaintiff's Unopposed Motion to Dismiss Certain Counts of Plaintiff's Original Petition (Dkt. 16). Specifically, Plaintiff moves the Court for dismissal of Plaintiff's Counts 5 (Texas Theft Liability Act claim), 6 (Conspiracy), 7 (Unfair Competition), 11 (Conversion), and 13 (Declaratory Judgment). These are the Counts, and the *only* Counts, claimed by Defendants AVEVA Inc. and Global Majic Software, Inc. to be preempted by the Copyright Act and hence, justifying this Court's subject-matter jurisdiction over the present matter. *See* DN 12, ¶ 1.

In light of Plaintiff's unopposed motion to dismiss these allegedly preempted claims[2], Plaintiff respectfully requests that this Court exercise its broad discretion and remand this case back to the District Court of Jefferson County, where Plaintiff's case was originally filed. Plaintiff

---
[1] Defendants have courteously agreed a short extension of time for Plaintiff to file this Reply.
[2] By filing Plaintiff's Unopposed Motion to Dismiss, and this Reply, Plaintiff is not conceding that these claims are actually preempted by federal law.

respectfully submits its prior remand motion is sound on its own accord, and should be granted. However, now that Defendants specifically identified the sole basis for this alleged federal subject-matter jurisdiction, Plaintiff moves to dismiss each and every one of those bases for subject-matter jurisdiction and ask this case be remanded.

Courts within the Fifth Circuit recognize that once federal-jurisdiction-triggering causes of action are dismissed, a court has wide latitude in deciding whether to remand the remaining state law claims back to state court or to retain them as "discretionary exercise of the district court's supplemental jurisdiction." *GlobeRanger Corp. v. Software AG*, 836 F.3d 477, 489 (5th Cir. 2016) (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)). "Even if the factual predicate underlying a plaintiff's complaint could have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert only state law claims in order to prevent removal." *Tavormina v. Evening Star Productions, Inc.*, 10 F.Supp.2d 729, 732 (S.D. Tex. 1998). Hence, "[t]he [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpiller, Inc. v. Williams*, 482 U.S. 392, 392 (1987). Here, even assuming Defendants' removal was proper under the Copyright Act (and it was not), Plaintiff has now moved for dismissal of all counts claimed to predicate the subject-matter jurisdiction of this Court.

In *Tarvormina*, the Court noted that "if the Court finds preemption and dismisses the preempted state law claims but Plaintiffs choose not to amend their Complaint to state an express federal claim under the Copyright Act, then the Court could also remand the case to state court." *Tarvormina*, 10 F.Supp.2d at 733. This is because "[w]hen all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims." *Id.* at fn.3 (citing *Hubbard v. Blue Cross & Blue Shield*, 42 F.3d 942,

947 (5th Cir. 1995)). In *Tarvormina* the Court concluded that because the Court agreed several of the plaintiff's claims were preempted by the Copyright Act, while others were not, "there is no federal question remaining in the case, and the Court will remand the action to state court." *Id*. at 735.

Plaintiff's request for remand, assuming this Court permits Plaintiff to dismiss the Counts subject to Plaintiff's motion to dismiss, will not delay or cause prejudice to any parties. "In determining whether to relinquish jurisdiction over a supplemental state law claim, the Court must look to the statutory factors set forth by 28 U.S.C. § 1367(c), as well as the common law factors of judicial economy, convenience, fairness and comity." *Cooper v. City of Dallas, Texas*, 2013 WL 4675665, *2 (N.D. Tex. 2013). The statutory factors include: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id*. (citing 28 U.S.C. § 1367(c)).

"When this case became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues,[3] no financial or other inconvenience would have occurred, and no prejudice would have arisen." *Enochs v. Lampasas County*, 641 F.3d 155, 162 (5th Cir. 2011) (finding these facts weight heavily in favor of remand, and that the district court abused its discretion in failing to grant the plaintiff's motion to remand after all federal claims had been dismissed). Similarly, here, if Plaintiff's Unopposed Motion to Dismiss is granted, this case will become an issue of undisputedly, purely

---

[3] Plaintiff is not claiming the remaining state law claims involve complex or novel issues of state law. Rather, the remaining factors all favor remand.

Texas state law. Moreover, no discovery has occurred, no hearings or trial dates have been scheduled, and this case is in its infancy. Where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court." *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002).

Plaintiff submits its prior motion to remand is sound on its own, and remand is proper with or without the dismissal of these counts. However, now that Defendants concede these are the only counts allegedly supporting federal subject-matter jurisdiction and have confirmed they are unopposed to dismissal, Plaintiff respectfully requests that this Court grant dismissal of those counts and remand this case back to state court. Texas state-law claims now predominate over the non-existent federal claims, this case is still in its infancy, as there is no compelling reason to keep this case in federal court. Defendants cannot intelligently identify any delay or prejudice in remanding this case to state court, from whence it was improperly removed.

## CONCLUSION

If Plaintiff's Unopposed Motion to Dismiss is granted, the remaining claims will undisputedly be purely state-law claims, and Plaintiff asks that this Court exercise its discretion to remand this case back to state court.

Respectfully Submitted,

**SHRADER & ASSOCIATES, LLP**

*s/Eugene Egdorf*
Eugene Egdorf
Texas Bar# 06479570
3900 Essex Lane, Suite 390
Houston, TX 77027
T: (713) 782-0000
F: (713) 571-9605
gene@shraderlaw.com

And

**MOSTYN LAW FIRM**

*/s/ Mark Sparks*
Mark C. Sparks
Texas State Bar No. 24000273
6280 Delaware Street
Beaumont, TX 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
mark@mostynlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record by electronic service in accordance with the District's ECF rules on June 1, 2017, as indicated below.

Christine Kirchner
c.kirchner@chamberlainlaw.com
Justin E. VandenBout
Justin.vandenbout@chamberlainlaw.com
**Chamberlain, Hrdlicka, White, Williams & Aughtry**
1200 Smith Street, Suite 1400
Houston, Texas 77002

*Attorneys for Defendants Aveva Inc., and Global Majic Software, Inc.*

*s/Eugene Egdorf*
Eugene Egdorf